IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| CARLOS DOMINGUEZ<br>c/o 519 H Street NW<br>Washington, DC 20001<br>(Prince George's County)<br><br>JORGE DOMINGUEZ<br>c/o 519 H Street NW<br>Washington, DC 20001<br>(Prince George's County)<br><br>    Plaintiffs,<br><br>v.<br><br>PAINTERS PRO SERVICES, LLC<br>1310 E Street<br>Woodbridge, VA 22191<br><br>RAMON GUARDADO<br>1310 E Street<br>Woodbridge, VA 22191<br><br>    Defendants. | Civil Action No. _____ |

# COMPLAINT

1. Defendants did not pay Plaintiffs anything for the month that Plaintiffs worked as painters for Defendants' painting company.

2. Plaintiffs bring this action against Painters Pro Services, LLC and Ramon Guardado ("Defendants") to recover damages for Defendants' willful failure to pay regular and minimum wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*;

and the Maryland Workplace Fraud Act ("MWFA"), Md. Code, Lab. & Empl. Art., § 3-901 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district and division.

## Parties

5. Plaintiff Carlos Dominguez is an adult resident of Prince George's County, Maryland.

6. Plaintiff Jorge Dominguez is an adult resident of Prince George's County, Maryland.

7. Defendant Painters Pro Services, LLC is a Virginia limited liability company. Its principal place of business is located at 1310 E Street, Woodbridge, VA 22191. Its resident agent for service of process is Ramon Guardado, 1310 E Street, Woodbridge, VA, 22191.

8. Defendant Ramon Guardado is an adult resident of Virginia. He resides at 1310 E Street, Woodbridge, VA 22191. He is an owner and member of Defendant Painters Pro Services, LLC. He exercises exclusive control over the operations of Painters Pro Services, LLC — including its pay practices.

## Factual Allegations Specific to Plaintiff Carlos Dominguez

9. Plaintiff Carlos Dominguez worked for Defendants from approximately September 18, 2021 through approximately October 15, 2021.

10. Plaintiff Carlos Dominguez worked for Defendants at Aventon Crown Apartments, 836 Rockwell Avenue, Gaithersburg, MD 20878.

11. Plaintiff Carlos Dominguez worked for Defendants as a painter.

12. Plaintiff Carlos Dominguez typically and customarily worked five days a week.

13. Plaintiff Carlos Dominguez typically and customarily worked Mondays through Fridays.

14. Plaintiff Carlos Dominguez typically and customarily worked forty hours per week.

15. Defendants agreed to pay Plaintiff Carlos Dominguez an hourly rate of $22.00 per hour.

16. Though Defendants issued Plaintiff Carlos Dominguez one paycheck in partial payment for his hours, this check bounced.

17. Defendants did not pay Plaintiff Carlos Dominguez the applicable minimum wage.

18. Defendants did not pay Plaintiff Carlos Dominguez his promised wage.

19. Defendants owe Plaintiff Carlos Dominguez approximately $4,000.00 in regular and minimum wages (excluding liquidated damages).

### Factual Allegations Specific to Plaintiff Jorge Dominguez

20. Plaintiff Jorge Dominguez worked for Defendants from approximately September 20, 2021 through October 15, 2021.

21. Plaintiff Jorge Dominguez worked for Defendants at Aventon Crown Apartments, 836 Rockwell Avenue, Gaithersburg, MD 20878.

22. Plaintiff Jorge Dominguez worked for Defendants as a painter.

23. Plaintiff Jorge Dominguez typically and customarily worked five days a week.

24. Plaintiff Jorge Dominguez typically and customarily worked Mondays through Fridays.

25. Plaintiff Jorge Dominguez typically and customarily worked forty hours per week.

26. Defendants agreed to pay Plaintiff Jorge Dominguez an hourly rate of $18.00 per hour.

27. Though Defendants issued Plaintiff Jorge Dominguez one paycheck in partial payment for his hours, this check bounced.

28. Defendants did not pay Plaintiff Jorge Dominguez the applicable minimum wage.

29. Defendants did not pay Plaintiff Jorge Dominguez his promised wage.

30. Defendants owe Plaintiff Jorge Dominguez approximately $3,000.00 in regular and minimum wages (excluding liquidated damages).

**Factual Allegations Common to All Plaintiffs**

31. Defendant Ramon Guardado hired Plaintiffs.

32. Defendant Ramon Guardado set Plaintiffs' work schedule.

33. Defendant Ramon Guardado set Plaintiffs' rate and manner of pay.

34. Defendant Ramon Guardado supervised Plaintiffs' work.

35. Defendant Ramon Guardado had the authority to sign checks on behalf of Painters Pro Services, LLC.

36. Defendant Ramon Guardado signed checks on behalf of Painters Pro Services, LLC.

37. At all relevant times, each Defendant had the power to hire and fire Plaintiffs.

38. At all relevant times, each Defendant had the power to control Plaintiffs' work schedule.

39. At all relevant times, each Defendant had the power to supervise and control Plaintiffs' work.

40. At all relevant times, each Defendant had the power to set Plaintiffs' rate and manner of pay.

41. At all relevant times, each Defendant was aware that they were legally required to pay Plaintiffs the applicable minimum wage.

42. At all relevant times, each Defendant was aware that they were legally required to timely pay Plaintiffs all wages legally due to them.

43. The Montgomery County minimum wage was $14.00 per hour from July 1, 2021 through the present for businesses with 50 or fewer employees. Montgomery County Code, § 27-68.

44. At all relevant times, Defendants misclassified Plaintiffs as independent contractors.

45. At all relevant times, Plaintiffs were employees of Defendants.

46. At all relevant times, Plaintiffs were under the control of Defendants.

47. At all relevant times, Plaintiffs were not customarily engaged in an independent business.

48. At all relevant times, Plaintiffs' work activities were within Defendants' usual course of business, as defined by Md. Code, Lab. & Empl. Art. § 3-903(c)(2).

49. At all relevant times, Plaintiffs' work activities were integral to Defendants' usual course of business of providing construction services.

50. No written contract ever existed between Defendants and Plaintiffs pursuant to Md. Code, Lab. & Empl. Art. § 3-903.1(1)(i).

51. Defendants never created an affidavit indicating that Plaintiffs were independent contractors, available to work for other businesses, pursuant to Md. Code, Lab. & Empl. Art. § 3-903.1(ii).

52. Defendants never created or provided Plaintiffs with notices stating that they were independent contractors, pursuant to Md. Code, Lab. & Empl. Art. § 3-914(b).

53. Defendants and Plaintiffs never agreed to a working relationship that would last for a pre-determined set period of time.

54. At all relevant times, Plaintiffs identified themselves as workers for the Defendants.

55. At all relevant times, Defendants paid Plaintiffs by the hour, rather than by the job.

56. At all relevant times, Defendants engaged in the practice of misclassifying their workers as though they were independent contractors, irrespective of the nature of their relationship with those workers.

57. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

58. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

## COUNT I
## FAILURE TO PAY MINIMUM WAGES UNDER THE FLSA

59. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

60. Each Defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

61. The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

62. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

63. Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs the required minimum wage.

64. Defendants' violations of the FLSA were willful.

65. For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid minimum wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM WAGES UNDER THE MWHL

66. Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

67. Each Defendant was an "employer" of Plaintiffs within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

68. The MWHL requires that employers pay non-exempt employees at least $11.60 per hour from January 1, 2021 through December 31, 2021. Md. Code, Lab. & Empl. Art. § 3-413.

69. Defendants violated the MWHL by knowingly failing to pay the required minimum wage to Plaintiffs.

70.     Defendants' violations of the MWHL were willful.

71.     For Defendants' violations of the MWHL, Defendants are liable to Plaintiffs for unpaid minimum wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

72.     Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

73.     Each Defendant was an "employer" of Plaintiffs within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

74.     The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

75.     The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

76.     The "wages" required to be timely paid by the MWPCL include minimum wages as set at the federal, state, and county levels. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See e.g., Craighead v. Full Citizenship of Md., Inc*., 2020 U.S. Dist. LEXIS 174747, at *18–20 (D. Md. Sep. 23, 2020).

77.     Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiffs all wages due, including regular and the federal, state, and county minimum wages.

78.     Defendants' violations MWPCL were willful.

79.     For Defendants' violations of the MWPCL, Defendants are liable to Plaintiffs for three times the amount of unpaid wages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT IV
## MISCLASSIFICATION UNDER THE MWFA

80. Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

81. Defendants employed Plaintiffs in the "construction services" industry within the meaning of the MWFA, Md. Code, Lab. & Empl. Art. § 3-901(b). Each Defendant was an "employer" of Plaintiffs within the meaning of the MWFA, Md. Code, Lab. & Empl. Art. § 3-901(c).

82. The MWFA forbids employers from misclassifying employees as independent contractors. Md. Code, Lab. & Empl. Art. § 3-903.

83. The MWFA establishes a statutory presumption of an employee-employer relationship. Md. Code, Lab. & Empl. Art. § 3-903(c)(1).

84. Defendants knowingly misclassified Plaintiffs as independent contractors.

85. As a result of Defendants' misclassification, Plaintiffs were not paid regular and minimum wages.

86. For Defendants' violations of the MWFA, Defendants are liable to Plaintiffs for unpaid wages, plus an amount equal to three times the unpaid wages as damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. Md. Code, Lab. & Empl. Art. § 3-911(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$31,357.00**, and grant the following relief:

    a. Award Plaintiffs $28,000.00 consisting of the following overlapping elements:

        i. unpaid federal minimum wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

    ii.      unpaid Maryland minimum wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

    iii.      three times the amount of unpaid regular wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

    iv.      unpaid regular wages, plus an amount equal to three times the amount of unpaid wages, pursuant to the MWFA, Md. Code, Lab. & Empl. Art. § 3-911(c);

b.    Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

c.    Award Plaintiffs reasonable attorney's fees and expenses at (as of this date, approximately $2,955.00);

d.    Award Plaintiffs court costs (currently, $402.00); and

e.    Award any additional relief the Court deems just.

March 25, 2022                              Respectfully submitted,

                                                      **DCWageLaw**

By: /s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #17567
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiffs*